# EXHIBIT 1

# CIVIL DOCKET

BEAR GRAPHICS, INC.

CASE NO. 19,787

371

| No. of Case | NAME OF PARTIES | ATTORNEYS | | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| 19,787 | WASTE CONTROL SPECIALISTS LLC | VAN BECKWITH ATTORNEY AT LAW 2001 ROSS AVENUE STE 600 DALLAS, TX 75201 | Pltf. | INJURY/DAMAGE-OTHER INJURY OR DAMAGE | 2 | 19 | 2015 |
| Fee Book | | | | | Jury Fee, $ | | |
| Vol. / Page | vs. | | | | | | |
| | ENERGY SOLUTIONS, LLC | | | | Paid by | | |
| | | | Deft. | | Jury No. | | |

| Date of Orders | | | ORDERS OF COURT | MINUTE BOOK | | PROCESS |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| | | | 2/19/2015 FILING WASTE CONTROL SPECILISTS LLC ORIGINAL PETITION-COPY TO ATTONREY | | | |
| | | | 2/19/2015 NO SERVICE REQUESTED | | | |
| | | | 2/20/15 FILING ATTORNEY JOHN POOL REQUEST FOR ISSUANCE OF CITATION | | | |
| | | | 2/20/15 ISSUING CITATION/ENERGY SOLUTIONS (RETURNED TO ATTORNEY JOHN POOL FOR SERVICE) | | | |



THE STATE OF TEXAS
COUNTY OF ANDREWS

I, Cynthia Jones, Clerk of the District Court of Andrews County, Texas, do hereby certify that the foregoing is true and correct copy.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT

this 11th day of March A.D., 2015

CYNTHIA JONES-DISTRICT CLERK, Andrews County, Texas

By _____ Deputy

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 19,787     COURT *(FOR CLERK USE ONLY):* _____

STYLED Waste Control Specialists v. Energy Solutions, LLC
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Van H. Beckwith
**Email:** van.beckwith@bakerbotts.com
**Address:** 2001 Ross Avenue, Suite 600
**Telephone:** (214) 953-6500
**City/State/Zip:** Dallas, Texas 75201
**Fax:** (214) 953-6503
**Sign:** /s/ Van H Beckwith
**State Bar No:** 02020150

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Waste Control Specialists
Defendant(s)/Respondent(s): Energy Solutions, LLC

*[Attach additional page as necessary to list all parties]*

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [ ] Fraud/Misrepresentation
  - [ ] Other Debt/Contract:
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [X] Other Injury or Damage: Decl Jm

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-Judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

Probate/Wills/Intestate Administration
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [X] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [X] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

*Stamp: THE STATE OF TEXAS, COUNTY OF ANDREWS — I, the District Court of _____, do hereby certify that the foregoing is a correct copy ... HAND AND SEAL OF SAID COURT ... this ___ day of MARCH A.D., 2015. CYNTHIA JONES, District Clerk, Andrews County, Texas. By: Judy Wotton, Deputy*

Rev 2/13

CAUSE NO. 19,787

| | | |
|---|---|---|
| WASTE CONTROL SPECIALISTS LLC | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § § | |
| ENERGY SOLUTIONS, LLC | § § § | ANDREWS COUNTY, TEXAS |
| Defendant. | § § | 109th JUDICIAL DISTRICT |



## WASTE CONTROL SPECIALISTS LLC'S ORIGINAL PETITION

Like all Texas businesses, Waste Control Specialists LLC has the right to do—or *not to do*—business with whomever it sees fit. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 & n.11 (Tex. 2004). It is, after all, "the inherent and inalienable right of every man freely to deal or refuse to deal with his fellow men." *Farris v. Allstate Ins. Co.*, 265 S.W.2d 178, 179 (Tex. App.—Fort Worth 1954, no writ).

But WCS's competitor EnergySolutions, LLC does not agree. Having been rebuffed in its efforts to convince WCS to freely enter into a contract, EnergySolutions is now threatening that it will sue WCS if it does not capitulate. EnergySolutions not only wants to tell WCS what it can and can't do with its own business, it also wants to tell WCS what it can and can't say to WCS's own customers, threatening that it will try to restrain protected speech if WCS does not stop telling those customers the truth—that WCS



does not intend to enter into the agreement EnergySolutions seeks.

EnergySolutions is wrong, and should not be able to hold the threat of litigation over WCS's head as it continues its efforts to force WCS into a contract WCS does not want. WCS thus seeks a judgment from this Court declaring that WCS has no obligation to negotiate or enter into a contract with EnergySolutions, and that WCS has a right to tell its customers and potential customers that it will not enter into that contract.

## I.
## DISCOVERY LEVEL

1. Plaintiff intends to take discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Both Plaintiff and Defendant are Delaware entities.

3. Plaintiff Waste Control Specialists LLC is a limited liability company organized under the laws of the State of Delaware doing business at 5430 LBJ Freeway, Suite 1700, Dallas, Texas 75240 and at 9998 Highway 176 West, Andrews, Texas 79714. Its sole member is Andrews County Holdings, Inc., an entity incorporated under the laws of the State of Delaware with a principal place of business in Texas.

4. Defendant Energy Solutions, LLC is a limited liability company organized under the laws of the State of Delaware. Its sole member is



Energy Solutions, Inc., an entity incorporated under the laws of the State of Delaware with a principal place of business in Utah.

## III.
### JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to Article 5, Section 8 of the Texas Constitution and Chapter 37 of the Texas Civil Practice & Remedies Code.

6. This Court has jurisdiction over EnergySolutions because EnergySolutions does business in the State of Texas and is amenable to service by a Texas court.

7. Venue is proper in Andrews County under Texas Civil Practice & Remedies Code § 15.002 because all or a substantial part of the events or omissions giving rise to the claims occurred and/or will occur in Andrews County.

## IV.
### STATEMENT OF FACTS

8. WCS specializes in the safe and secure disposal of low-level radioactive materials. Its facilities are located in western Andrews County, Texas, where it treats, stores, and disposes of waste from hospitals, research centers, energy companies, and other businesses across the country that generate low-level radioactive waste.

9. EnergySolutions is one of WCS's competitors. It operates its own



facilities for the disposal of low-level radioactive waste in Clive, Utah and operates a state-owned facility in Barnwell, South Carolina.

A. **EnergySolutions' efforts to enter into a contract with WCS.**

10. For several months, EnergySolutions has been trying to convince WCS to enter into a contract that would give EnergySolutions the ability to ship low-level radioactive waste to WCS's Andrews County facility for disposal. WCS does not want to enter into this agreement, and does not believe it is in its best business interests to do so.

11. EnergySolutions wants to force WCS to enter into this contract so it can gain access to WCS's Andrews County disposal facility and send its waste or the waste of others to Andrews County. In March 2014, EnergySolutions purchased Studsvik Processing Facility Erwin, LLC. WCS formerly had a contract with Studsvik, which was terminated after EnergySolutions acquired Studsvik in violation of WCS's right to consent to assignments. WCS, Studsvik, and Energy Solutions are now engaged in an unrelated arbitration regarding that contract's termination. Neither the Studsvik agreement nor any issue related to its breach or termination are at issue in this Original Petition for Declaratory Judgment. Instead, EnergySolutions seeks a new agreement with WCS for disposal of EnergySolutions' low-level radioactive waste, to extend beyond the term of the terminated Studsvik agreement. WCS does not in this action seek any



relief related to the Studsvik contract.

12. Against the backdrop of that unrelated arbitration and dissatisfied with its efforts to force WCS to enter into a new agreement with EnergySolutions for disposal of low-level radioactive waste in Andrews County, EnergySolutions has now threatened to force WCS to provide it with the terms of a new contract.

**B.  EnergySolutions' threats of litigation and other repercussions if WCS declines to do business with it.**

13. WCS has consistently declined EnergySolutions' offers to enter into a business relationship, but EnergySolutions won't take no for an answer. Rather than accepting that WCS does not want to enter into an agreement to dispose of waste received from EnergySolutions at the Andrews County facility, EnergySolutions has resorted to threats of legal action in an attempt to force WCS to do so.

14. EnergySolutions has continually told WCS that it *must* negotiate toward and agree to a contract, and *must* provide EnergySolutions with contract terms for WCS's waste disposal services.

15. Last week, WCS received a letter from EnergySolutions' lawyer putting these threats in writing. According to the letter, WCS's failure to do business with EnergySolutions runs afoul of Texas Health & Safety Code § 401.2456(d) (related to the provisions of contracts that have been



negotiated and signed for waste disposal, but not requiring that parties actually enter into contracts), and "exposes WCS to the risk of a government investigation." The letter further threatened "private action from EnergySolutions" over WCS's conduct.

16. EnergySolutions specifically complained of discussions WCS has had with customers about WCS's decision not to enter into a contract with EnergySolutions and its truthful speech reflecting that decision.

17. It warned it felt "forced to seek injunctive relief against WCS" if WCS continued to discuss those issues with customers.

18. WCS has every right to decline EnergySolutions' efforts to use WCS's Andrews County waste facility. And it has every right to provide truthful and accurate information to its customers and potential customers about its intent to not enter into a disposal agreement with EnergySolutions.

## V.
## CLAIMS AND CAUSES OF ACTION

19. Each of the following counts are based on the foregoing facts and allegations, which are alleged and incorporated in the counts as if fully set forth therein.

### COUNT ONE — DECLARATORY JUDGMENT

20. A justiciable controversy exists about WCS's right to decline to negotiate or enter into a contract with EnergySolutions.



21.  WCS requests that, to resolve this controversy, this Court enter judgment in its favor pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code declaring that WCS has no obligation to negotiate or enter into a contract to dispose of waste received from EnergySolutions.

22.  WCS also requests its costs and reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 37.009.

### COUNT TWO — DECLARATORY JUDGMENT

23.  A justiciable controversy exists about WCS's right to tell customers that it will not enter into a contract to dispose of waste received from EnergySolutions.

24.  WCS requests that, to resolve this controversy, this Court enter judgment in its favor pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code declaring that WCS has the right to tell current and potential customers that it will not enter into a contract to dispose of waste received from EnergySolutions.

25.  WCS also requests its costs and reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 37.009.



## VI.
### PRAYER AND REQUESTED RELIEF

WCS requests the following relief:

(1) A Declaratory Judgment declaring that:

   a. WCS has no obligation to negotiate or enter into a contract to dispose of waste received from EnergySolutions; and

   b. WCS has the right to tell current and potential customers that it will not enter into a contract to dispose of waste received from EnergySolutions;

(2) Its costs and reasonable and necessary attorneys' fees of bringing this action; and

(3) Such other and further relief to which it is entitled.



Respectfully submitted,

*Van H Beckwith*
_____
Van H. Beckwith
Texas State Bar No. 02020150
John B. Lawrence
Texas Bar No. 24055825
Melissa A. Hurter
Texas State Bar No. 24087776
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6500
(214) 953-6503 - facsimile
van.beckwith@bakerbotts.com
john.lawrence@bakerbotts.com
melissa.hurter@bakerbotts.com

John L. Pool
Texas State Bar No. 24006284
117 NW Ave. A
Andrews, Texas 79714
(432) 523-4145
(432) 523-4496 - facsimile
john@thepoolfirm.com

*Attorneys for Plaintiff*
*Waste Control Specialists LLC*

9

THE STATE OF TEXAS
COUNTY OF ANDREWS
I, Cynthia Jones, Clerk of the District Court of Andrews County, Texas, do hereby certify that the foregoing is true and correct copy.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT
this 11 day of March A.D., 2015
CYNTHIA JONES, District Clerk, Andrews County, Texas
By _____ Deputy

**JOHN L. POOL**

*Attorney at Law*

*The Law Office of John L. Pool, PC*

117 N.W. Ave. A

*Andrews, Texas 79714*

432-523-4145 – Office             www.thepoolfirm.com
432-523-4496 – Fax                john@thepoolfirm.com

February 20, 2015

District Clerk's Office
Attn. Cynthia Jones
201 N. Main
Andrews, Texas 79714

      RE:    Cause No. 19,757; Waste Control Specialist, LLC v. Energy Solutions, LLC; In the District Court of Andrews County, Texas

Dear Ms. Jones:

    We are requesting that a Citation be issued on Energy Solutions, LLC., at 423 W. 300 South, Suite 200, Salt Lake City, UT 84101, and we will have a personal process server issue that citation. Thank you for your professional courtesy. Should you have any questions please feel free to contact my office.

Sincerely,

*Corina DeLaCruz*
Corina DeLaCruz
Legal Assistant
for John L. Pool

[FILED stamp: 2015 FEB 20 A 11:28, CYNTHIA JONES, DISTRICT CLERK - ANDREWS COUNTY, DEPUTY]

[Certification stamp: THE STATE OF TEXAS, COUNTY OF ANDREWS. Cynthia Jones, Clerk of the District Court of Andrews County, Texas, do hereby certify that the foregoing is a true and correct copy. GIVEN UNDER MY HAND AND SEAL OF SAID COURT this 11 day of March A.D., 2015. CYNTHIA JONES, District Clerk, Andrews County, Texas By: Judy Wholton, Deputy]

# **EXHIBIT 2**



February 10, 2015

***Via Overnight Delivery***

Waste Control Specialists LLC
Three Lincoln Centre
Suite 1700
5430 LBJ Freeway
Dallas, Texas 75420
Attention: Jane Grimm

Dear Ms. Grimm,

We have received several reports from customers that you are attempting to undermine Energy*Solutions* in the marketplace by telling them about your threats to not renew the disposal agreement between Waste Control Specialists ("WCS") and Energy*Solutions*, under which WCS has disposed of Energy*Solutions*' (and its predecessor, Studsvik's) Class B and C waste for many years at its Texas Compact Waste Disposal Facility. WCS's comments to prospective customers and any potential decision by WCS to terminate our longstanding and mutually profitable relationship appears to be nothing more than a blatant attempt to eliminate competition for the disposal of high activity resins. WCS's conduct, motivated by naked monopolistic intent, exposes WCS to the risk of a government investigation into WCS's compliance with federal and state antitrust and other regulations, including Texas Health & Safety Code Title 5, Subtitle D, Section 401.2456(d), or private action from Energy*Solutions* and others adversely affected by WCS's actions.

We hereby demand that WCS immediately cease its illegal attempt to undermine Energy*Solutions* and cease spreading rumors of WCS's anticompetitive intentions to Energy*Solutions*' customers. If WCS refuses to bring its actions in accordance with the law, Energy*Solutions* will be forced to seek injunctive relief against WCS.

Very truly yours,

Energy*Solutions*, LLC

By: _____
Russ Workman
*General Counsel*

cc: Noelle Reed, Skadden, Arps, Slate, Meagher & Flom LLP
Ken Schwartz, Skadden, Arps, Slate, Meagher & Flom LLP